

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-09-00151-CV |
| Appellant, | § | Appeal from |
| v. | § | Criminal District Court No. 1 |
| NINETY THOUSAND TWO HUNDRED THIRTY-FIVE DOLLARS AND NO CENTS IN UNITED STATES | § | of El Paso County, Texas |
| CURRENCY ($90,235.00) AND 2000 BLACK LINCOLN NAVIGATOR | § | (TC # 2008-2016) |
| VIN 5LMPU28A7YLJ10865, | § | |
| Appellee. | § | |

**O P I N I O N**

The State of Texas appeals a summary judgment granted in favor of Hermenegildo

Bueno, in a civil forfeiture case. On May 27, 2011, we affirmed the judgment of the trial court.

*State v. Ninety Thousand Two Hundred Thirty-Five Dollars and No Cents in United States*

*Currency ($90,235)*, 346 S.W.3d 737 (Tex.App.--El Paso 2011). The Texas Supreme Court

agreed with our conclusion that the trial court had subject matter jurisdiction of the forfeiture

action, but it rejected our holding that Bueno conclusively established that the officers lacked

probable cause to seize the property. *State v. Ninety Thousand Two Hundred Thirty-Five Dollars*

*and No Cents in United States Currency ($90,235)*, 390 S.W.3d 289, 293-94 (Tex. 2013). The

Supreme Court reversed and remanded for further proceedings. *Id.* The only issue remaining is

whether Bueno was entitled to summary judgment on the ground that his detention violated the Fourth Amendment because it lasted longer than necessary to effectuate the purposes of the stop. We reverse and remand for further proceedings.

## FACTUAL SUMMARY

On May 6, 2008 at 12:25 p.m., El Paso County Deputy Sheriff Armando Gomez stopped a black Lincoln Navigator driven by Hermenegildo Godoy Bueno for failure to signal a turn.[1] Deputy Gomez asked Bueno for his driver's license and proof of insurance. Gomez saw a blue tote bag and backpack on the floorboard of the rear seat and asked Bueno what was inside. Bueno became visibly nervous, began sweating profusely, stuttered, and his mouth became dry. Bueno said his son's clothes were in the bags. Deputy Gomez also ran a warrants check on both Bueno and the passenger. He arrested the passenger after discovering outstanding warrants.[2] Due to the extreme nervousness exhibited by Bueno when responding to questions about the contents of the bags, Deputy Gomez suspected he may have been transporting contraband and asked Bueno for consent to search. When Bueno refused, Deputy Gomez requested narcotics K-9 handler Luis Almonte to come to the scene. Deputy Almonte and K-9 Reno arrived only fifteen minutes after the traffic stop began and conducted a canine sniff search around the exterior of the vehicle. Reno alerted to the odor of narcotics at the rear driver's side door and the rear cargo area of the vehicle. After advising Bueno of the dog's positive alert, the deputies searched the vehicle and found inside of the tote bag and backpack six clear plastic bags containing rubber band-wrapped bundles of cash totaling $90,235. Reno also alerted to the odor of narcotics on the currency.

Detectives Mario Garcia and Jose Guzman were called to the scene and arrived at 1:10

---

[1] The factual recitation is drawn from the summary judgment evidence.

[2] The summary judgment evidence does not establish when the warrants check was completed.

p.m. During the interview, Bueno explained that the currency came from the sale of his ranch in Mexico and he was using it to make the final payment on a gas station he had purchased in El Paso five years earlier. Bueno told the detectives he was taking the money to the woman who sold him the gas station, but he did not know her address. Based on his experience, training, and knowledge of the investigation, Detective Garcia concluded that the currency found inside of the vehicle was the proceeds of, or was intended to be used in, a narcotics transaction.

The deputies seized the money and vehicle and the State filed an original notice of seizure and intended forfeiture. Detective Garcia's sworn forfeiture affidavit is attached to and incorporated into the State's notice of seizure. Bueno answered the suit and subsequently filed a traditional motion for summary judgment based on three grounds. The first two grounds have been decided adversely to Bueno. *See State v. $990,235*, 390 S.W.3d at 291-93. In this appeal, we must address the third ground and determine whether the summary judgment can be upheld based on Bueno's assertion that his detention and the warrantless search of the vehicle were unreasonable under the Fourth Amendment.

## LEGALITY OF THE SEARCH

The State raises a number of procedural and substantive arguments related to its contention that Bueno was not entitled to summary judgment on his third ground, including that: (1) the summary judgment motion is legally insufficient because it does not challenge an element of the State's case nor does it attempt to conclusively establish an affirmative defense; (2) the exclusionary rule should not apply to civil forfeiture proceedings under Chapter 59; (3) a motion for summary judgment is not the proper procedural vehicle to resolve an issue related to the validity or lawfulness of a warrantless search in a forfeiture proceeding; and (4) there are fact issues precluding summary judgment. The State additionally contends that even if the evidence

is subject to exclusion, the trial court erred by dismissing the forfeiture proceeding and ordering the property returned to Bueno.

*The Standard of Review and Relevant Law*

The standard of review for traditional summary judgment under TEX.R.CIV.P. 166a(c) is well established. *Nixon v. Mr. Property Management Company, Inc*., 690 S.W.2d 546, 548 (Tex. 1985). The moving party carries the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Diversicare General Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed issue of material fact. *Fort Worth Osteopathic Hospital, Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *Tranter v. Duemling*, 129 S.W.3d 257, 260 (Tex.App.--El Paso 2004, no pet.). All reasonable inferences, including any doubts, must be resolved in favor of the non-movant. *Fort Worth Osteopathic Hospital*, 148 S.W.3d at 99.

A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiffs causes of action or if it conclusively establishes all elements of an affirmative defense. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once the defendant establishes a right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678-79 (Tex. 1979); *Scown v. Neie*, 225 S.W.3d 303, 307 (Tex.App.--El Paso 2006, pet. denied). We review the grant or denial of a traditional motion for summary judgment *de novo*. *Valence Operating Company v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Texas Integrated Conveyor Systems, Inc. v. Innovative Conveyor Concepts, Inc*., 300 S.W.3d

348, 365 (Tex.App.--Dallas 2009, pet. denied). Under this standard, Bueno had the burden to establish there is no genuine issue of material fact and he is entitled to judgment as a matter of law. *State v. $990,235*, 390 S.W.3d at 292.

Forfeiture proceedings are tried in the same manner as other civil cases, and the State has the burden to prove by a preponderance of the evidence that the property in question is subject to forfeiture. TEX.CODE CRIM.PROC.ANN. art. 59.05(b)(West 2006). Property that is contraband is subject to seizure and forfeiture by the State. TEX.CODE CRIM.PROC.ANN. art. 59.02(a)(West Supp. 2014). As noted by the Supreme Court in *State v. $90,235*, the Code of Criminal Procedure defines "contraband" as property of any nature used in the commission of crimes enumerated in Article 59.01(2), including any felony under Chapter 481 of the Texas Health and Safety Code (the Texas Controlled Substances Act) or Chapter 34 of the Penal Code (Money Laundering). *State v. $90,235*, 390 S.W.3d at 293, *citing* TEX.CODE CRIM.PROC.ANN. art. 59.01(2). The Supreme Court has imposed an additional requirement that the State show that probable cause exists for seizing property. *See Fifty-Six Thousand Seven Hundred Dollars in U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex. 1987). In the context of a forfeiture proceeding, probable cause is a reasonable belief that a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute. *State v. $11,014*, 820 S.W.2d 783, 784 (Tex. 1991); *Fifty-Six Thousand Seven Hundred Dollars*, 730 S.W.2d at 661.

*Lawfulness of the Detention*

Bueno moved for summary judgment on the ground that the warrantless search of his vehicle was illegal because his detention exceeded the scope of the stop. The State argues that Bueno's motion for traditional summary judgment is legally insufficient because it does not challenge an element the State is required to prove and it does not establish a recognized

affirmative defense to forfeiture. As part of this argument, the State contends that its burden of proof in a forfeiture action under Chapter 59 does not include proving that the property was lawfully seized. The State also asserts that the exclusionary rule should not apply in a forfeiture action. These arguments are related to the State's contention that Bueno failed to conclusively establish his entitlement to summary judgment.

Rule 166a(c) requires that a motion for summary judgment state the specific grounds for the motion. TEX.R.CIV.P. 166a(c); *McConnell v. Southside Independent School District*, 858 S.W.2d 337, 341 (Tex. 1993). The purpose of this requirement is to provide the non-movant with adequate information to oppose the motion and to define the issues for the purpose of summary judgment. *See Westchester Fire Insurance Company v. Alvarez*, 576 S.W.2d 771, 772 (Tex. 1978)*, overruled on other grounds by City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979).

It is undisputed that the property at issue in this case was seized without a warrant. Under Article 59.03(b), seizure of property subject to forfeiture may be made without a warrant if:

> (1) the owner, operator, or agent in charge of the property knowingly consents;
>
> (2) the seizure is incident to a search to which the owner, operator, or agent in charge of the property knowingly consents;
>
> (3) the property subject to seizure has been the subject of a prior judgment in favor of the state in a forfeiture proceeding under this chapter; or
>
> (4) the seizure was incident to a lawful arrest, lawful search, or lawful search incident to arrest.

TEX.CODE CRIM.PROC.ANN. art. 59.03(b).

Bueno did not consent to the search and the property was not the subject of a prior judgment in favor of the state in a forfeiture proceeding under Chapter 59. Thus, Article

59.03(b)(4) is the only section which applies to this case.

Chapter 59 does not make any aspect of Article 59.03(b) an affirmative defense and we have found no cases holding that illegality of the arrest or search is an affirmative defense to a forfeiture action. The only statutory affirmative defense is found in Article 59.05(c) which provides that it is an affirmative defense to forfeiture of property belonging to the spouse of a person whose acts gave rise to the seizure of community property that, because of an act of family violence, as defined by Section 71.004 of the Texas Family Code, the spouse was unable to prevent the act giving rise to the seizure. *See* TEX.CODE CRIM.PROC.ANN. art. 59.05(c). Although it is not an affirmative defense, a property owner or interest holder may present evidence that the underlying criminal offense was dismissed or there was an acquittal, thereby raising a rebuttable presumption that the property or interest that is the subject of the hearing is nonforfeitable. *See* TEX.CODE CRIM.PROC.ANN. art. 59.05(d). This presumption can be rebutted by evidence that the owner or interest holder knew or should have known that the property was contraband. *Id.*

The Texas Supreme Court has not held that the State must prove the property was seized as the result of a lawful arrest or search in order to be entitled to forfeiture under Chapter 59. Likewise, we have not addressed this issue. The Thirteenth Court of Appeals held in *State v. Thirty Thousand Six Hundred Sixty Dollars and No/100 ($30,660.00) in U.S. Currency*, 136 S.W.3d 392, 403 (Tex.App.--Corpus Christi-Edinburg 2004, pet. denied) that seizure of property is unauthorized under Chapter 59 if it is shown that the seizure was illegal. This holding was made in the context of a motion for return of property rather than a summary judgment motion filed by the property owner. The majority opinion expressed a willingness to hold that probable cause cannot be predicated on an unlawful search, but it ultimately did not dispose of the appeal

on that ground as it concluded that the trial court properly granted the motion for return of property based on illegality of the seizure. *Id.* at 408. The majority opinion rejected the dissent's position that the State must prove in a forfeiture action based on a seizure of property without a warrant that one of the exceptions to the warrant requirement set forth in Article 59.03(b) applies. *Id.* at 407-08. It is unnecessary for us to decide whether the exceptions to the warrant requirement as set forth in Article 59.03(b) are an element of a forfeiture action, or whether Article 59.03(b) constitutes an affirmative defense to a forfeiture action because, as will be discussed below, Bueno failed to conclusively establish he is entitled to summary judgment.[3]

The State also argues that the exclusionary rule should not apply in a forfeiture proceeding. The Texas Supreme Court has yet to decide whether the exclusionary rule applies to civil forfeiture proceedings. *See State v. $217,590.00 in United States Currency*, 18 S.W.3d 631, 632 (Tex. 2000)(noting that it had not decided the issue, and assuming without deciding that the rule applies because the parties had presumed the rule applied to the case). We have previously indicated that the exclusionary rule would apply in a forfeiture action unless the deterrent effect is satisfied by other means thereby leaving no reason to exclude the evidence in a civil action. *See Fifty-Six Thousand, Seven Hundred Dollars in United States Currency v. State*, 710 S.W.2d 65, 69 (Tex.App--El Paso 1986), *rev'd on other grounds*, 730 S.W.2d 659 (Tex. 1987). More recently, we assumed without deciding that the exclusionary rule applied to a forfeiture proceeding. *See also State v. Five Thousand Five Hundred Dollars in United States Currency*, 296 S.W.3d 696, 701 n.2 (Tex.App.--El Paso 2009, no pet.). We will take that same approach in this case.

---

[3] Our opinion should not be read as holding that legality of the search may necessarily be an element of a forfeiture action or that illegality of a search is an affirmative defense because we must remain open to the possibility that it is neither. It may simply be a legal basis for excluding evidence at trial in which case summary judgment would not be the appropriate vehicle to address the issue. We do not, however, reach these issues today.

Bueno asserted in his summary judgment motion that the initial stop was illegal because no traffic violation occurred. He also maintained that his continued detention after the purpose of the traffic stop was completed was unreasonable under the Fourth Amendment. Because Bueno raised these Fourth Amendment issues in the context of a summary judgment motion, he had the burden to present evidence and conclusively establish that there are no disputed fact issues and his detention violated the Fourth Amendment as a matter of law. This is in direct contrast with a motion to suppress filed in a criminal case where the State would have the burden to prove that the detention and warrantless search were lawful. Further, the bifurcated standard of review we would ordinarily apply in a criminal case when reviewing a ruling on a motion to suppress does not apply. We will instead review the trial court's ruling under the well-established standard of review applicable to summary judgments. This standard requires that we take the evidence favorable to the non-movant as true in deciding whether there is a disputed issue of material fact and all reasonable inferences must be resolved in favor of the non-movant. *See Fort Worth Osteopathic Hospital*, 148 S.W.3d at 99.

There are two inquiries when determining the reasonableness of an investigative detention: (1) whether the officer's action was justified at its inception; and (2) whether it was reasonably related in scope to the circumstances that justified the interference in the first place. *See Terry v. Ohio*, 392 U.S. 1, 18-19, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889 (1968). A stop that was justified at its inception may become unreasonable if it does not satisfy the second part of the inquiry and last no longer than necessary to effectuate the purposes of the stop. *Florida v. Royer*, 460 U.S. 491, 500, 103 S.Ct. 1319, 1325, 75 L.Ed.2d 229 (1983); *Davis v. State*, 947 S.W.2d 240, 245 (Tex.Crim.App. 1997). Further, the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short

period of time. *Florida v. Royer*, 460 U.S. at 500, 103 S.Ct. at 1325-26; *Davis*, 947 S.W.2d at 245.

We consider first whether Bueno conclusively established as a matter of law that his initial detention was not justified at its inception. Bueno relies on his own affidavit attached to the amended motion for summary judgment as proof that he did not commit a traffic violation, and therefore, the initial stop was invalid. In this regard, his affidavit stated: "I am the same HERMENEGILDO GODOY BUENO who was stopped by law enforcement officers on May 6, 2008, for no valid reason. At the time that I was stopped by law enforcement officers I wasn't doing anything wrong or breaking any driving laws and I did not give the law enforcement officer consent to search my vehicle."[4] The statement is merely a general denial of any wrong-doing and does not set forth Bueno's knowledge of the driving laws, including the requirement that a driver use a turn signal when turning. Further, it does not set forth the facts from which it could be concluded that he did not fail to signal before turning at the intersection. Statements are conclusory if they fail to provide underlying facts to support their conclusions. *LeBlanc v. Lamar State College*, 232 S.W.3d 294, 301 (Tex.App.--Beaumont 2007, no pet.). Conclusions in an affidavit are insufficient either to support summary judgment or to raise a fact issue in response to a summary judgment motion. *Neel v. Tenet HealthSystem Hospitals. Dallas*, Inc., 378 S.W.3d 597, 607 (Tex.App.--Dallas 2012, pet. denied). In the absence of any competent summary judgment evidence, Bueno failed to conclusively establish that the traffic stop was illegal at its inception.

Even assuming this portion of Bueno's affidavit could be considered in support of the summary judgment, Detective Garcia's affidavit created a fact issue. Detective Garcia averred

---

[4] Bueno also attached the forfeiture affidavit of Detective Garcia to his original motion for summary judgment but he did not attach it to the amended motion for summary judgment.

that Deputy Gomez stopped Bueno because he committed a traffic violation by failing to use a turn signal when making a turn at an intersection.  A law enforcement officer may lawfully stop a motorist who commits a traffic violation in the officer's presence. *See Garcia v. State*, 827 S.W.2d 937, 944 (Tex.Crim.App. 1992); TEX.CODE CRIM.PROC.ANN. art. 14.01(b)(West 2005)("A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."); TEX.TRANSP.CODE ANN. § 543.001 (West 2011)("Any peace officer may arrest without warrant a person found committing a violation of this subtitle.").  The decision to stop an automobile is reasonable when an officer has probable cause to believe that a traffic violation has occurred.  *Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996); *Walter v. State*, 28 S.W.3d 538, 542 (Tex.Crim.App. 2000).

> Section 545.104 of the Transportation Code provides:
>
> (a)  An operator shall use the signal authorized by Section 545.106[5] to indicate an intention to turn, change lanes, or start from a parked position.
>
> (b)  An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn.

TEX.TRANSP.CODE ANN. § 545.104.  Under the summary judgment standard, we must accept the statements of fact in the forfeiture affidavit as true, including Detective Garcia's assertion that Deputy Gomez stopped Bueno because he failed to signal a turn at an intersection.  This evidence demonstrates that Deputy Gomez had probable cause or at the very least reasonable suspicion to stop Bueno for violating Section 545.104.

Bueno also alleged in his summary judgment motion that his continued detention after the purpose of the traffic stop had been accomplished was unreasonable under the Fourth Amendment.  This argument raises an issue regarding the continued detention under the second

---

[5]  Section 545.106(a) provides for the use of hand and arm or signal lamp when an operator is required to give a stop or turn signal.  TEX.TRANSP.CODE ANN. § 545.106(a).

part of the *Terry* analysis. During a traffic stop, a police officer may request information from a driver, including his driver's license and car registration, and may conduct a computer check for that information. *Kothe v. State*, 152 S.W.3d 54, 63-64 (Tex.Crim.App. 2004); *Davis*, 947 S.W.2d at 245 n.6. The officer may also run a computer check for warrants. *Kothe*, 152 S.W.3d at 64. It is only after this computer check is completed, and the officer knows that the driver has a currently valid license, no outstanding warrants, and the car is not stolen, that the traffic-stop investigation is fully resolved. *Kothe*, 152 S.W. 3d at 64.

When these tasks related to the initial stop are accomplished, the officer cannot continue to detain the driver unless he has reasonable suspicion to believe that further criminal activity has occurred or is being committed. *See Davis*, 947 S.W.2d at 245. A police officer has reasonable suspicion to detain a person if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *State v. Elias*, 339 S.W.3d 667, 674 (Tex.Crim.App. 2011); *Crain v. State*, 315 S.W.3d 43, 52 (Tex.Crim.App. 2010). This is an objective standard which examines whether there was an objective justification for the detention. *Elias*, 339 S.W.3d at 674. The subjective intent or motive of the detaining officer is disregarded in this analysis. *Id.*

Bueno relied on his own affidavit to establish that his continued detention was unreasonable under the Fourth Amendment. That affidavit does not state any facts related to the second part of the *Terry* analysis, but attempts to incorporate three pages of factual assertions included in the amended motion for summary judgment by stating that Bueno has read the motion for summary judgment and the "facts therein stated are within [his] personal knowledge and are true and correct." A summary judgment affidavit must set forth such facts as would be

admissible in evidence. TEX.R.CIV.P. 166a(f). Pleadings and motions for summary judgment are not competent summary judgment evidence, even if they are sworn to or verified within the pleading or motion. *XTO Energy Inc. v. Nikolai*, 357 S.W.3d 47, 60 (Tex.App.--Fort Worth 2011, pet. denied). A summary judgment affidavit which simply adopts the pleadings, including a motion for summary judgment, is not competent summary judgment evidence and is insufficient either to support or defeat a motion for summary judgment. *See XTO Energy*, 357 S.W.3d at 60-61; *Lawrenson v. Global Marine, Inc.*, 869 S.W.2d 519, 522-23 (Tex.App.--Texarkana 1993, writ denied); *Loomis v. City of Dallas*, 472 S.W.2d 809, 811 (Tex.Civ.App.--Dallas 1971, writ ref'd n.r.e.). The State made several objections to Bueno's affidavit but it did not raise this specific ground. Consequently, we must consider the factual assertions made in the amended motion for summary judgment as part of Bueno's summary judgment evidence.

According to the amended motion for summary judgment, Deputy Gomez stopped Bueno at noon and he asked Bueno for his driver's license and proof of insurance. Gomez also ran a warrants check on both Bueno and the passenger, Mauro Ayala. Ayala had six outstanding traffic warrants and Gomez removed him from the vehicle and arrested him. Bueno did not have any outstanding warrants. Gomez asked Bueno what was in the blue tote bag and backpack on the rear floorboard. For about ten minutes, Gomez asked Bueno several questions unrelated to a traffic violation, including where was he traveling from and where was he going. Gomez asked Bueno for consent to search but he refused. A canine unit arrived at the scene at approximately 12:40 p.m. and Bueno observed Gomez brief the canine handler about what had occurred up to that point. The officers asked Bueno to exit the vehicle while the dog sniffed the exterior of the vehicle. After the dog went around the vehicle, the officers searched the interior. According to Bueno's motion for summary judgment, the officers confronted Bueno "[m]oments later" with

the tote back and backpack which contained $90,253 in currency. One half-hour later, Detective Garcia and another detective arrived at the scene.

Bueno presented evidence regarding several aspects of the encounter but he failed to offer any evidence establishing when the traffic stop was completed in relation to the other facts. Deputy Gomez engaged in actions consistent with the traffic stop by asking for the driver's license and proof of insurance and he also conducted a warrants check. Bueno presented no evidence regarding when the warrants check was completed or how long he was detained from that point in time. It was Bueno's burden to offer summary judgment evidence sufficient to conclusively establish that he was detained after the purpose of the traffic stop had been accomplished and this continued detention was unreasonable under the Fourth Amendment. In the absence of such evidence, Bueno did not establish he was entitled to summary judgment on his third ground. Consequently, the trial court erred by granting summary judgment in favor of Bueno. It is unnecessary to address the State's alternative argument that, even if the evidence is excluded, Bueno is not entitled to dismissal of the forfeiture action nor is he necessarily entitled to return of the property. Issue One is sustained. We reverse the summary judgment granted in favor of Bueno and remand for further proceedings.

October 22, 2014
_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
(Rivera, J., not participating)

- 14 -