**Opinion filed June 18, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00253-CV

_____

## $18,325.00 IN U.S. CURRENCY, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV1202050**

_____

## No. 11-13-00254-CV

_____

## 2009 GMC PICKUP, VIN NO. 1GTJK83679F188085, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV1202051**

# MEMORANDUM OPINION

These appeals arise from two civil forfeiture proceedings brought by the State against items of personal property belonging to Marc Shawn Walden. The trial court found that the items were contraband under Chapter 59 of the Texas Code of Criminal Procedure and ordered that they be forfeited. *See* TEX. CODE CRIM. PROC. ANN. ch. 59 (West 2006 & Supp. 2014). We affirm.

Appearing pro se, Walden asserts the same three issues in both appeals. In his first issue, he challenges the trial court's denial of his motion to suppress evidence. Walden's defense attorney filed the motion to suppress in his two criminal cases that arose from the same events leading to the civil forfeiture proceedings. In his second issue, Walden alleges ineffective assistance of counsel in the civil forfeiture proceedings. In his third issue, Walden alleges various improprieties on the part of the State and the trial court.

Walden's first issue assumes that the exclusionary rule applies to civil forfeiture proceedings. The Texas Supreme Court has yet to decide this question. *State v. Ninety Thousand Two Hundred Thirty-Five Dollars and No Cents in United States Currency ($90,235.00)*, No. 08-09-00151-CV, 2014 WL 5798177, at *5 (Tex. App.—El Paso Oct. 22, 2014, no pet.); *see State v. $217,590.00 in United States Currency*, 18 S.W.3d 631, 632 (Tex. 2000) (where the court noted that it had not decided the issue and assumed without deciding that the rule applied because the parties had presumed the rule applied to the case). Solely for the purpose of our analysis in this case, we will assume, but do not decide, that the exclusionary rule applies to a forfeiture proceeding. *See Ninety Thousand Two Hundred Thirty-Five Dollars*, 2014 WL 5798177, at *5.

The civil forfeiture proceedings arise out of an episode resulting in Walden being charged and convicted of the offenses of unlawful possession of a firearm and possession of a controlled substance with intent to deliver. The hearing in the

forfeiture proceedings occurred immediately after the criminal proceedings concluded. The hearing in the forfeiture proceedings began with the trial court taking judicial notice of the evidence offered in the criminal proceedings. The remainder of the hearing in the forfeiture proceedings consisted of the trial court considering a brief presentation of additional testimony and receiving arguments of counsel.

Appearing through counsel, Walden has appealed his convictions for unlawful possession of a firearm and possession of a controlled substance with intent to deliver. These appeals bear our Cause Nos. 11-13-00284-CR and 11-13-00285-CR. In the appeal of each criminal conviction, Walden asserts a single issue alleging that the trial court erred when it denied his motion to suppress evidence. We are issuing an opinion today overruling Walden's challenge to the denial of his motion to suppress. Our disposition of this challenge in the criminal appeals is dispositive of his first issue in the appeals from the civil forfeiture proceedings. We incorporate our analysis and cited authority in the opinion in Cause Nos. 11-13-00284-CR and 11-13-00285-CR by reference. Walden's first issue is overruled.

In his second issue, Walden argues that he received ineffective assistance of counsel in the civil forfeiture proceedings. A claim of ineffective assistance of counsel is not a basis for seeking affirmative relief from a civil forfeiture order. *See Approximately $42,850.00 v. State*, 44 S.W.3d 700, 702 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (Complaints regarding the ineffectiveness of counsel clearly have no relevance or application to a civil forfeiture proceeding.). Accordingly, Walden's second issue is overruled.

In his third issue, Walden alleges various improprieties on the part of the State and the trial court. It appears that he is asserting that the State and trial court failed to police the actions of his attorney to ensure that Walden received effective assistance of counsel. We have previously noted that a claim of ineffective

3

assistance of counsel has no application to a civil forfeiture proceeding as a remedy for seeking relief from a forfeiture order. Walden has not cited any authority, and we have found none, that supports a right to relief from a civil forfeiture order based upon the conduct of the State or the trial court. Walden's third issue is overruled.

We affirm the judgments of the trial court.


JOHN M. BAILEY

JUSTICE


June 18, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.