# IN THE SUPREME COURT OF TEXAS

══════════

No. 11-0642

══════════

THE STATE OF TEXAS, PETITIONER,

v.

NINETY THOUSAND TWO HUNDRED THIRTY-FIVE DOLLARS AND NO CENTS IN
UNITED STATES CURRENCY ($90,235) AND 2000 BLACK LINCOLN NAVIGATOR
VIN: 5LMPU28A7YLJ10865, RESPONDENTS

══════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE EIGHTH DISTRICT OF TEXAS
══════════════════════════════════════════════════

**Argued November 7, 2012**


JUSTICE JOHNSON delivered the opinion of the Court.


In this case the State brought an action for forfeiture of a vehicle and $90,235 found in it following a traffic stop. The driver of the vehicle, who claimed ownership of the vehicle and money, sought recovery of the property and filed a traditional motion for summary judgment. He asserted three grounds for summary judgment: (1) the trial court lacked subject-matter jurisdiction; (2) the State did not produce evidence of probable cause to seize the property; and (3) the search of the vehicle was illegal. The trial court granted the motion without stating its reasons. The court of appeals affirmed.

We conclude that the court of appeals erred by affirming on the basis that the State did not produce evidence of probable cause to seize the property. We reverse and remand to the court of appeals for further proceedings.

## I. Background

On May 6, 2008, El Paso Sheriff's Deputy Armando Gomez stopped a black Lincoln Navigator driven by Hermenegildo Godoy Bueno. Deputy Gomez requested that Bueno show proof of liability insurance and a driver's license, which he did. After running a warrants check on Bueno and his passenger, Deputy Gomez arrested the passenger for outstanding traffic warrants but neither arrested Bueno nor issued a traffic ticket to him. During the stop, however, Deputy Gomez noticed a backpack and a tote bag in the rear floorboard of the vehicle. Bueno said they contained his son's clothes. After Bueno denied Deputy Gomez's request for consent to search the vehicle, Deputy Gomez called a K-9 unit to the scene. According to a sworn statement by Detective Mario Garcia that was attached to the State's pleadings, the K-9 unit's dog alerted positively for the odor of narcotics on the Navigator's exterior. Deputy Gomez and the dog's handler searched the vehicle. Inside the backpack and the tote bag they discovered six clear plastic bags containing rubber band-wrapped bundles of cash totaling $90,235. According to Detective Garcia's sworn statement, the dog alerted positively to the odor of narcotics on the money. Bueno told Detective Garcia the money was partial payment for a ranch he sold and that he was going to deliver it as the final payment for an El Paso service station he purchased.

The officers seized the money and vehicle ("the property"), and the State instituted forfeiture proceedings. Detective Garcia's sworn statement was attached to and incorporated into the State's

2

pleadings by reference. *See* TEX. CODE CRIM. PROC. art 59.04(b).  The pleadings alleged that the property was seized by a peace officer incident to a search to which the owner or agent-in-charge of the property consented or pursuant to a lawful arrest, lawful search, or lawful search incident to arrest.  They also alleged that the property was contraband based on one of two alternative statutory provisions.  First, they alleged that the property was used in, intended to be used in, or gained from commission of a felony under Chapter 481 of the Texas Health and Safety Code (the Texas Controlled Substances Act).  *See* TEX. HEALTH & SAFETY CODE §§ 481.001–.314.  Second, they alleged that the property was contraband because it was used in, intended to be used in, or proceeds from commission of a felony under Chapter 34 of the Penal Code (Money Laundering).  *See* TEX. PENAL CODE §§ 34.01–.03.

Bueno answered the suit, asserted that he owned the property, and eventually filed what he described and represented to the trial court to be a traditional motion for summary judgment.  He requested dismissal of the forfeiture action and return of the property on "three distinct grounds": (1) "[t]he State of Texas does not have subject-matter jurisdiction to prosecute this forfeiture action"; (2) no evidence will support a reasonable belief that a substantial connection existed between the property and illegal drug dealing activities; and (3) the warrantless search of the vehicle was illegal because it exceeded the temporal scope of the stop necessary for Deputy Gomez to inspect Bueno's driver's license and insurance, run a warrants check, and issue a traffic citation.  In his motion to the trial court, Bueno specifically referenced Deputy Garcia's sworn statement and adopted some of the facts set out in it.  He also attached his own affidavit to the motion as summary judgment evidence. His affidavit, in its entirety, was as follows:

3

> My name is HERMENEGILDO GODOY BUENO and I am over eighteen (18) years of age and of sound mind. I am the same HERMENEGILDO GODOY BUENO who was stopped by law enforcement officers on May 6, 2008, for no valid reason. At the time that I was stopped by law enforcement officers I wasn't doing anything wrong or breaking any driving laws and I did not give the law enforcement officer consent to search my vehicle. My vehicle and the money from the sale of my ranch were seized from me. I have complied with all of the State's discovery requests and I hereby incorporate them herein by reference for all intents and purposes as if recited herein verbatim. My vehicle was acquired legally and lawfully and the money that was in my possession was acquired legally and lawfully. The money represents partial payment on the sale of my ranch. I received this money in El Paso County after it was brought to me in El Paso.

Referencing Texas Code of Criminal Procedure articles 59.01(2) and 59.05(b), and our decision in *State v. $11,014.00*, 820 S.W.2d 783, 784 (Tex. 1991) (per curiam), Bueno asserted that the State must satisfy a two-part test to prevail in a forfeiture proceeding. The first part of the test is that probable cause existed for seizure of the alleged contraband. The second part is that the seized property is in fact contraband. In his motion, Bueno sought summary judgment as to the first part but specifically disclaimed seeking summary judgment under the second part. That is, he disclaimed having conclusively proved the property was not contraband.

The State responded to Bueno's motion for summary judgment but neither attached any evidence to the response nor filed any evidence in opposition to the motion. The trial court granted Bueno's motion without giving its reasons.

The court of appeals affirmed. 346 S.W.3d at 747. As to Bueno's first ground, it agreed with the State that the trial court had jurisdiction. Bueno does not challenge that ruling here. But, because we may not address the merits of a case absent jurisdiction, *see Tex. Workers' Comp.*

4

*Comm'n v. Garcia*, 893 S.W.2d 504, 517 n.15 (Tex. 1995), we note that we agree with the analysis and conclusion of the court of appeals.

The appeals court then rejected the State's arguments as to Bueno's second ground. The court determined that: (1) Bueno presented evidence sufficient to "conclusively establish[] the State lacked a reasonable belief that a substantial connection or nexus existed between the property seized . . . and any illegal drug dealing activities, and therefore negated this element of the State's forfeiture action"; (2) the State could not rely on Detective Garcia's affidavit attached to the Notice of Seizure as summary judgment evidence because the State did not direct the trial court's attention to it; and (3) because the State did not present evidence controverting Bueno's affidavit, it did not raise a genuine issue of material fact. 346 S.W.3d at 746-47. The court did not address Bueno's third ground for summary judgment—that the search was illegal.

The appeals court also concluded that the State was required to specially except to Bueno's motion to complain on appeal that his second ground did not encompass all of the State's forfeiture claims because it did not address the State's claim that the property was connected to money laundering. *Id.* at 744. Because the State did not do so, the court concluded that it failed to preserve error on this issue. *Id.*

In this Court the State challenges the decision of the court of appeals on two grounds. It first argues that the determination of whether the officers had probable cause to seize the property, that is, a reasonable belief in a substantial connection between the property and illegal activities, must be assessed in light of the facts as the seizing officers reasonably believed them to be, and Bueno could not conclusively negate such a belief through his own affidavit. It then argues that a special

5

exception to Bueno's motion for summary judgment was not necessary to preserve error for its assertion that Bueno's motion did not address all the State's claims.

We reverse the court of appeals' judgment on the State's first ground and do not address its second in light of our disposition of the appeal.

## II.  Probable Cause to Seize Property

Although the language of Bueno's second ground for summary judgment might appear to have been a no evidence assertion, the record reflects that he specified to the trial court and court of appeals that his motion was a traditional one.  *See* 346 S.W.3d at 743 n.1.  The court of appeals addressed it as such and so will we.

## A.  Standard of Review

We review a grant of summary judgment *de novo*. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 331 S.W.3d 419, 422 (Tex. 2010).  When the trial court does not specify the grounds for its ruling, a summary judgment will be affirmed if any of the grounds advanced by the motion are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000).  A party moving for traditional summary judgment has the burden to prove that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  The non-movant has no burden to respond to or present evidence regarding the motion until the movant has carried its burden to conclusively establish the cause of action or defense on which its motion is based. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam).

6

## B. Evidence of No "Reasonable Belief"

"Contraband" is property of any nature used in the commission of various enumerated crimes, including any felony under Chapter 481 of the Texas Health and Safety Code (the Texas Controlled Substances Act) or Chapter 34 of the Penal Code (Money Laundering). TEX. CODE CRIM. PROC. art. 59.01(2). Contraband is subject to seizure and forfeiture by the State. *Id.* arts. 59.02(a), 59.03(a)–(b). Civil rules of pleading apply in forfeiture proceedings. *See id.* art. 59.05(a). Forfeiture proceedings are tried in the same manner as other civil cases, and the State has the burden to prove by a preponderance of the evidence that the property in question is subject to forfeiture. *Id.* art. 59.05(b). The State also has the burden to show probable cause existed for seizure of the property. *$56,700 in U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex. 1987) (citing TEX. CONST. art. I, § 9). Probable cause, in the context of civil forfeiture, is "a reasonable belief that 'a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute.'" *Id.* (quoting *United States v. $364,960.00 in U.S. Currency*, 661 F.2d 319, 323 (5th Cir. 1981)).

As noted above, Bueno's second ground for summary judgment was that the State did not have probable cause to seize the property. Specifically, he asserted that

> [l]ess than a scintilla of evidence will support a reasonable belief that a substantial connection or nexus exists between the Lincoln Navigator and U.S. currency seized from Bueno and illegal drug dealing activities.

Only if Bueno conclusively proved that none of the officers had such a belief would the burden shift to the State to respond and raise a material fact question about whether they did. *See Mann Frankfort*, 289 S.W.3d at 848; *Willrich*, 28 S.W.3d at 23. We conclude that he did not do so.

7

Bueno's only summary judgment evidence was his affidavit. We need not address the affidavit's weight in light of Bueno's status as an interested witness, because his affidavit was insufficient to support summary judgment regardless of his status. *See* TEX. R. CIV. P. 166a(c) (stating the specific requirements for when summary judgment may be based on the uncontroverted testimonial evidence of an interested witness). The affidavit states, as relevant to any connection between the seized property and illegal drug dealing activities, that (1) the vehicle and money were "acquired legally and lawfully"; and (2) the money represented a partial payment from the sale of his ranch. But the affidavit wholly fails to address whether the officers had a reasonable belief that the property had or would have a substantial connection with illegal activity as pleaded by the State—even assuming Bueno could address what the officers believed and whether their beliefs were reasonable. The affidavit certainly does not conclusively prove that none of them did. And until Bueno conclusively established that none of them had such a belief, the trial court could not have properly granted summary judgment on Bueno's second ground. The court of appeals erred by holding otherwise.

### III. Other Issues

The court of appeals did not address the State's challenge to Bueno's ground that the property was seized pursuant to an illegal search of the vehicle. The State asserts that, if we reverse the court of appeals' judgment, we should remand the case to that court. Bueno counters that the State waived the issue because it did not complain to the court of appeals about the court's failure to address the ground, nor did the State bring the issue forward to this Court.

8

We disagree with Bueno. First, our rules of appellate procedure provide for courts of appeals to hand down opinions that are as brief as practicable while covering every issue raised and necessary to disposition of the appeal. *See* TEX. R. APP. P. 47.1. It was not necessary for the court of appeals to address Bueno's third ground after it affirmed the summary judgment based on his second ground. The State did not waive its issue by failing to request the court of appeals to address matters beyond those prescribed by the rules. Second, ordinarily a case will be remanded to the court of appeals for further proceedings when we reverse the judgment of the appeals court and the reversal necessitates consideration of issues raised in but not addressed by that court. *See* TEX. R. APP. P. 53.4; *Miller v. Keyser*, 90 S.W.3d 712, 720 (Tex. 2002).

Because of our disposition of the case we do not address the court of appeals' holding that the State failed to preserve error for its argument that Bueno's motion for summary judgment did not include all of the State's claims.

## IV. Conclusion

We reverse the judgment of the court of appeals and remand the case to that court for further proceedings.

_____
Phil Johnson
Justice

**OPINION DELIVERED:** January 25, 2013

9