**HDSA WESTFIELD LAKE, LLC**
**and HDSA Mill Creek, LLC,**
**Appellants**

v.

**HARRIS COUNTY APPRAISAL**
**DISTRICT, Appellee**

NO. 14–15–00180–CV

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed February 11, 2016.

Polly Graham Fohn, Richard D. Anigian, Houston, TX, Joseph M. Harrison IV, Floresville, TX, for appellant.

David W. Olson, Mario L. Dell'Osso, Eric C. Farrar, Houston, TX, for appellee.

Panel consists of Justices Boyce, Jamison, and Donovan.

## OPINION

Martha Hill Jamison, Justice

This dispute centers on whether appellants HDSA Westfield Lake, LLC and HDSA Mill Creek, LLC (Westfield Lake and Mill Creek) are entitled to a continuation of ad valorem tax exemptions available to low and moderate income community housing development organizations (CHDOs). Westfield Lake and Mill Creek challenge the trial court's grant of summary judgment in favor of appellee Harris County Appraisal District (Appraisal District) denying the tax exemptions and the trial court's denial of Westfield Lake and Mill Creek's motion for summary judgment. We conclude that Westfield Lake and Mill Creek are entitled to a continuation of the tax exemptions, reverse the summary judgment in favor of the Appraisal District, and render judgment in favor of Westfield Lake and Mill Creek.

## Background

The Westfield Lake and Mill Creek apartments, which had been financed by bond proceeds, received tax-exempt status in 2003. In 2010, the owner defaulted on its financing obligations, and the bondholders, Fundamental Partners (Tax Exempt) LP and Fundamental Partners LP (collectively, Fundamental), decided to foreclose. Fundamental entered into a sale and financing agreement (Sale Agreement) with AOF/Bexar Affordable Housing Corporation (AOF), a CHDO. Under the Sale Agreement, Fundamental was required to sell the apartments to AOF or "any newly created limited liability company in which AOF serves as the sole member" if Fundamental's indenture trustee acquired the apartments at the foreclosure sale.[1]

Fundamental instructed its indenture trustee to form a special purpose entity, MFH Portfolio of Five, LLC (MFH), to bid at the foreclosure sale. MFH acquired the apartments at the foreclosure sale. AOF formed Westfield Lake and Mill Creek, and MFH signed special warranty deeds transferring legal title to the apartments to Westfield Lake and Mill Creek. Westfield Lake and Mill Creek then filed timely applications for a continuation of the apartments' tax exemptions. The Appraisal District denied the applications.

Westfield Lake and Mill Creek protested the denials to the Harris County Appraisal Review Board, which upheld them. Westfield Lake and Mill Creek appealed to the trial court, which granted the Appraisal District's motion for summary judgment

---

1. An indenture trustee holds bonds in trust for the bondholder and acts as its agent and representative.

and denied Westfield Lake and Mill Creek's motion.

### Discussion

Westfield Lake and Mill Creek challenge the trial court's summary judgment rulings and argue that they are eligible under the Texas Tax Code for a continuation of the former owner's tax exempt status. We conclude that Westfield Lake and Mill Creek were owners of the apartments for purposes of the statute and thus eligible for the continuation.[2]

We review de novo the trial court's grant of summary judgment. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex.2009). In a traditional motion for summary judgment, the movant has the burden of establishing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Id.* (citing Tex.R. Civ. P. 166a(c)). The nonmovant has no burden to respond to or present evidence regarding the motion until the movant has carried its burden to conclusively establish the cause of action or defense on which its motion is based. *State v. $90,235*, 390 S.W.3d 289, 292 (Tex. 2013). We consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848.

■ The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex.2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary judgment grounds is meritorious. *$90,235*, 390 S.W.3d at 292.

■ When the parties file competing motions for summary judgment, and the trial court grants one motion and denies the other, we may consider the propriety of the denial as well as the grant. *See Grant Prideco, Inc. v. Empeiria Conner L.L.C.*, 463 S.W.3d 157, 160 (Tex.App.— Houston [14th Dist.] 2015, no pet.). If the issue raised is based on undisputed and unambiguous facts, we may determine the question presented as a matter of law. *Id.* We may then either affirm the judgment or reverse and render the judgment the trial court should have rendered. *Id.*

■ Westfield Lake and Mill Creek argue that they are entitled to a continuation of the tax exemptions under Tax Code section 11.182.[3] Under that section, such a tax exemption continues:

---

**2.** Westfield Lake and Mill Creek argue that they are entitled to the continuation as legal title holders of the property, equitable title holders of the property, and because the Appraisal District's denial of their exemption applications was untimely and void. Because we conclude that Westfield Lake and Mill Creek were entitled to the continuation as legal title holders, we need not address the other two grounds asserted.

Westfield Lake and Mill Creek further contend that AOF maintains appropriate representation on its governing board of trustees from residents of the low-income community and Westfield Lake and Mill Creek complied with the Appraisal District's request for additional information and are excused from certain spending requirements in the Tax Code. The Appraisal District concedes on appeal these grounds raised in its summary judgment motion.

**3.** 3 All references to section 11.182 are to the Tax Code.

if the property is sold at a foreclosure sale and [within 30 days], the owner of the property submits to the chief appraiser evidence that the property is owned by [a qualifying CHDO]. If the owner of the property submits the evidence required ..., the exemption continues to apply to the property for the remainder of the current tax year and for subsequent tax years until the owner ceases to qualify the property for the exemption.

Tex. Tax Code § 11.182(k).

The parties do not dispute that the apartments were purchased at a foreclosure sale or that Westfield Lake and Mill Creek are qualifying CHDOs under the statute, hold legal title to the apartments, and submitted timely and complete applications. Westfield Lake and Mill Creek argue that since they possessed legal title at the time they submitted the applications, they are "owners" for purposes of section 11.182 and eligible for a continuation of the tax exemption. The Appraisal District argues that the purchaser at the foreclosure sale must be a qualifying CHDO, and since MFH purchased the apartments at the foreclosure sale and was not a qualifying CHDO, Westfield Lake and Mill Creek are not eligible for a continuation of the tax exemption.

The meaning of a statute is a legal question, which we review de novo to ascertain and give effect to the legislature's intent. *Entergy Gulf States, Inc. v. Summers,* 282 S.W.3d 433, 437 (Tex.2009). When possible, we discern legislative intent from the plain meaning of the words chosen. *Id.* This general rule applies unless enforcing the plain language of the statute as written would produce absurd results. *Id.* Therefore, our practice when construing a statute is to recognize that "the words [the legislature] chooses should be the surest guide to legislative intent." *Id.* (quoting

*Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 866 (Tex.1999)). Only when those words are ambiguous do we resort to rules of construction or extrinsic aids. *Id.*

With these principles in mind, we must examine what the legislature meant by the word "owner" in section 11.182. The Appraisal District relies on legislative history to support its contention that the purpose of the statute was to allow the exemption to continue "upon a change in ownership when the property has been sold at a foreclosure sale and the *purchasing organization* shows the chief appraiser proof of its qualification for the exemption within 30 days of the sale." (Emphasis added.) The plain language of the statute, however, does not use the words "purchaser" or "purchasing organization." The legislature easily could have included this language in the statute if it so intended. As Westfield Lake and Mill Creek assert, "[n]othing in the plain language ... suggests that passing title through a special purpose entity will avoid an exemption." Ordinarily, the truest manifestation of what legislators intended is what lawmakers enacted, the literal text they voted on. *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson,* 209 S.W.3d 644, 651 (Tex.2006). Westfield Lake and Mill Creek undisputedly held legal title at the time they filed timely applications for continuation of the exemptions establishing that they were qualifying CHDOs. Accordingly, we conclude as a matter of law that under the plain language of the statute, Westfield Lake and Mill Creek were "owners" for purposes of section 11.182.

Our holding is consistent with the supreme court's acknowledgement that the legislature wanted to encourage the development and ownership of low-income housing by CHDOs and to give CHDOs the flexibility to structure their transactions in

accordance with "the realities of the commercial housing industry." *See AHF–Arbors at Huntsville I, LLC v. Walker Cnty. Appraisal Dist.,* 410 S.W.3d 831, 837, 839 (Tex.2012). Although the court recognized that tax exemption statutes generally are construed strictly, that does not require us to ignore the purpose of the exemptions. *See id.* at 837. According to the legislative history evidence submitted by the Appraisal District, the purpose of the statute was to preserve the CHDO tax exemption for "properties that might change ownership due to foreclosure." Our construction of the statute is consistent with this purpose.

We reverse the judgment of the trial court and render judgment that Westfield Lake and Mill Creek are entitled to a continuation of the ad valorem tax exemptions under section 11.182. *See* Tex. Tax Code § 11.182(k).

