# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00261-CV

**Thomas D. Young a/k/a T. David Young, Appellant**

**v.**

**JP Morgan Chase Bank, N.A., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-12-000590, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In one issue, Thomas D. Young a/k/a T. David Young appeals from the trial court's summary judgment in favor of JP Morgan Chase Bank, N.A. (JPMC) granting judicial foreclosure on residential real property (the Property) owned by Young. Because we conclude that the trial court did not err in granting summary judgment, we affirm.

## BACKGROUND[1]

Young obtained a home equity loan on the Property in December 2000. The original principal amount of the home equity note (the Note) was $337,500, and it was secured by a home equity security instrument (the Security Instrument) that encumbered the Property. JPMC is the

---

[1] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

mortgage servicer for the loan on behalf of Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, N.A. as Trustee for Long Beach Mortgage Loan Trust 2001-1 (Deutsche Bank).

On February 29, 2012, JPMC filed a rule 736 application for judicial foreclosure of the Property under the Security Instrument because Young was in default under the Note. *See* Tex. R. Civ. P. 736 (addressing procedure for obtaining expedited order allowing foreclosure of certain liens, including liens securing home equity loan); *see id*. R. 735 (addressing foreclosures requiring court order). Young answered and asserted a counterclaim for declaratory relief. JPMC then filed amended petitions seeking judicial foreclosure of the home equity loan and an order of sale against the Property.

In April 2014, the parties entered into a settlement agreement in which Young agreed to sell or obtain a third party take-out refinance of the debt secured by the Security Instrument "on or before August 1, 2014," and Deutsche Bank agreed "to accept a short payoff of the Loan in the amount of $220,000 on or before August 1, 2014." Young also agreed that, if he failed to make the required payment by August 1, 2014, that he would sign and return an agreed judgment for foreclosure "no later than August 8, 2014." JPMC provided a payoff letter to the designated title company and escrow officer in May 2014 with instructions for closing by August 1, 2014. On July 29, 2014, Young requested an extension through the end of August and confirmation of the payoff amount through the extension period.

Young failed to sell or obtain a third-party take-out refinance by August 1, 2014, and, on August 5, 2014, JPMC notified Young that it would not agree to modify the settlement agreement

2

to extend the deadline for Young to tender the amount of $220,000. After Young failed to sign the agreed judgment for foreclosure, JPMC amended its petition to add a claim for breach of the settlement agreement and sought specific performance of the agreement. JPMC also sent a demand letter on August 12, 2014, a notice of default and intent to foreclose in September 2014, advising Young of the total amount that was past due on the Note, and a notice of acceleration of the amount due and owing under the Note in October 2014.

In January 2015, JPMC filed a traditional motion for summary judgment, based on Young's breach of the settlement agreement and JPMC's entitlement to judgment for foreclosure under the terms of the Security Instrument. JPMC attached evidence to its motion, including the following documents: the Note, the Security Instrument, the payment history on the Note, the settlement agreement, the May 2014 payoff letter, emails exchanged between the parties, the notice of default, the notice of acceleration, and an affidavit as to JPMC's incurred attorney's fees. The evidence established that Young remained in default under the terms of the Note and Security Instrument.

Young filed a response to the motion for summary judgment and affidavits to support his response. He did not dispute that he was in default under the terms of the Note and Security Instrument because he had not made payments. He argued that his performance under the settlement agreement was excused because he was ready to close within a reasonable time to satisfy the terms of that agreement and that time was not of the essence. Specifically, he argued that the pay-off loan was ready to close on July 31, 2014, but that it could not fund by August 1, 2014, because of a

3

"statutory 3-day right of rescission";[2] that time was not of the essence as to the August 1, 2014, deadline in the settlement agreement; and that there were fact issues concerning whether time was of the essence, the equities between the parties, and tender of performance. He also argued that JPMC's suit for foreclosure was barred by limitations and res judicata based on a previous attempt by JPMC to foreclose in 2005.

JPMC filed a reply to the response, addressing Young's limitations and res judicata arguments and disputing that there were any fact issues precluding summary judgment in its favor. The trial court thereafter granted JPMC's motion for summary judgment by order on February 3, 2015, and then signed an amended order on February 5, 2015. In the amended order, the trial court granted JPMC's motion for summary judgment in all respects, including awarding the following relief: (i) specific performance, ordering Young to sign and return the agreed judgment from the settlement agreement; (ii) *in rem* judgment against Young for foreclosure as specified in the Security Instrument which encumbers the Property; and (iii) foreclosure under the Security Instrument and sale of the Property pursuant to Texas Rule of Civil Procedure 309. The trial court also awarded summary judgment in JPMC's favor on Young's counterclaim for declaratory judgment and that he take nothing from this lawsuit.

Young filed a motion for new trial and a supplemental motion for new trial, primarily arguing there was a material fact issue on whether time was of the essence as to the August 1, 2014, deadline in the settlement agreement. The trial court denied Young's motion for new trial, and this appeal followed.

---

[2] *See* 15 U.S.C. § 1635 (addressing right of rescission as to certain transactions).

## STANDARD OF REVIEW

"We review the granting of a motion for summary judgment de novo." *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013) (citing *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012)). "When the trial court does not specify the grounds for its ruling, as is the case here, a summary judgment must be affirmed if any of the grounds on which judgment is sought are meritorious." *Id.* (citing *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency*, 390 S.W.3d 289, 292 (Tex. 2013)).

## ANALYSIS

In his sole issue, Young challenges the trial court's summary judgment based on the lack of a "time is of the essence" clause in the settlement agreement and JPMC's "unclean hands" in refusing to extend the August 1, 2014, deadline by a few days. He argues that whether time is of the essence is a fact issue and that "time is not of the essence of a contract unless (1) the contract explicitly states such, or (2) the nature of the contract demands it."

Among its arguments, JPMC contends that this Court should affirm the trial court's summary judgment because Young failed to address its alternative independent ground in its motion for summary judgment that was based on its cause of action for breach of the Note and Security Instrument. In its motion for summary judgment, JPMC argued among its asserted grounds for summary judgment that the "undisputed evidence demonstrates [JPMC] is entitled to judicial foreclosure of the Security Instrument." The summary judgment evidence included the Note, the Security Instrument, the notice of default, and the notice of acceleration and established that Young remained in default of his payment obligations under the terms of the Note. JPMC argued that this

5

evidence established that JPMC was entitled to summary judgment for foreclosure and an order of sale pursuant to Texas Rule of Civil Procedure 309. *See* Tex. R. Civ. P. 309 (addressing judgments for foreclosure of mortgages and other liens).

On appeal, Young does not raise an issue challenging the trial court's summary judgment based on JPMC's cause of action for breach of the Note and Security Instrument, and he has not raised an issue generally attacking all grounds for summary judgment. When an appellant fails to challenge the possible grounds on which summary judgment could have been granted, we must uphold the summary judgment on an unchallenged ground. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995) ("When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion."); *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970) ("The judgment must stand, since it may have been based on a ground not specifically challenged by the plaintiff and since there was no general assignment that the trial court erred in granting summary judgment."); *Berger v. Flores*, No. 03-12-00415-CV, 2015 Tex. App. LEXIS 5969, at *12 (Tex. App.—Austin June 12, 2015, no pet.) (mem. op.) (affirming summary judgment based on unchallenged ground). Accordingly, because Young failed to challenge this independent ground for affirming the trial court's summary judgment, we must affirm the summary judgment on this unchallenged ground.

## CONCLUSION

For this reason, we affirm the trial court's judgment.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed

Filed:   July 28, 2016