

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

IN THE INTEREST OF

J.O.,

A CHILD.

§
§
§
§
§
§
§

No. 08-20-00225-CV

Appeal from the

388th District Court

of El Paso County, Texas

(TC# 2015DCM2215)

### MEMORANDUM OPINION

On November 2, 2020, Appellant, Maria Fountain, *pro se*, filed a notice of appeal stating her intent to appeal the trial court's order titled, "Findings and Temporary Orders in Modification of Parent-Child Relationship," dated October 7, 2020. The clerk's record was filed on February 22, 2021. No reporter's record was requested. Following extensions of time, Appellant filed an opening brief on April 26, 2021. Appellee filed a response brief on July 8, 2021. To file a reply brief, Appellant requested an extension to September 1, 2021. Although we granted extension requests, Appellant has filed no reply to date.

This Court is obligated to determine its jurisdiction to entertain an appeal, even if it is not raised by the parties. *New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 679 (Tex. 1990). A court may not address the merits of a claim if it lacks jurisdiction to do so. *State v. Ninety*

*Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 291-92 (Tex. 2013). Generally, an appeal may only be taken from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Furthermore, unless specifically authorized by statute, we only have jurisdiction to review final judgments. *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018). Relevant to this case, the Texas Family Code expressly prohibits an interlocutory appeal from a temporary order in a suit affecting the parent child relationship. *See* TEX. FAM. CODE ANN. § 105.001(e).

If an order does not clearly, unequivocally, and unmistakably indicate it is a final judgment, we must "examine the record to determine the trial court's intent." *In re R.R.K.*, 590 S.W.3d 535, 543-44 (Tex. 2019). Here, the language of the order at issue is ambiguous. The order dated October 7, 2020, grants temporary orders pertaining to possession of the child and sets at least two hearings on future dates from the order's date. First, on October 30, 2020, at 10 a.m., a hearing is set to "enter judgment in this cause." Second, on December 28, 2020, at 10 a.m., the order provides, "[t]his matter is set for review . . . ." These settings suggest the order was interlocutory. However, the order also grants a permanent injunction against both parties, which is relief that can only be granted in a final judgment.

Adding further complication, on August 30, 2021, Appellant filed with this Court a motion for stay of proceedings on the basis that the trial court had scheduled a judge's conference for September 2, 2021. Appellant asserted, "If granted, the motion to stay proceedings will allow the resolution of pending litigation in the lower court." We denied the motion for stay, but further ordered the parties to clarify, before September 10, 2021, whether the order being appealed was a final order. On September 8, 2021, Appellant filed a response further indicating Appellant had received notice of a scheduled conference with the lower court and "Appellant attended the

2

scheduled lower court's conference via zoom." Additionally, on that same date, Appellant filed with this Court a motion for emergency stay of the trial court's order to appear on September 9, 2021. Along with the motion, Appellant separately filed a copy of the trial court's order, dated September 3, 2021, which required Appellant to appear on September 9, 2021, at 10:30 a.m., to respond to "the Enforcement of Temporary Orders . . . ."

Based on the tension in the language of the order at issue, we determine it is ambiguous as to whether it was intended to be final. When a family law order is ambiguous as to finality, we must review the record to determine the trial court's intent. *In re R.R.K.*, 590 S.W.3d at 544. After reviewing the clerk's record and motions filed with this Court, we conclude the order at issue was not a final order. *See id.* (concluding memorandum order was not final because record indicated neither trial court nor parties intended it to be final). Because an appeal may be prosecuted only from a final order or judgment, and the record appears to indicate no final order had been entered in the underlying case, we ordered Appellant to clarify why this appeal should not be dismissed based on lack of jurisdiction. Appellant's response essentially confirmed no final order has been entered. Because the record does not contain a final order, we have no choice but to dismiss this appeal.[1] Accordingly, this appeal is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a). All pending motions are denied as moot.


GINA M. PALAFOX, Justice

September 10, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

---

[1] This dismissal does not prevent Appellant from later pursuing a timely appeal from a final judgment in this case.

3