# Supreme Court of Texas

No. 21-0441

CHG Hospital Bellaire, LLC; CHG Employee Holding, LLC; and
CHG Hospital Houston, LLC,

*Petitioners*,

v.

Seketa Johnson,

*Respondent*

On Petition for Review from the
Court of Appeals for the First District of Texas

## PER CURIAM

Seketa Johnson was injured on the job and sued her employer for negligence, gross negligence, and premises liability. The employer (CHG) filed a motion to compel arbitration, arguing that the parties had mutually consented to an enforceable arbitration agreement. The trial court denied the motion, and the court of appeals affirmed, holding that Johnson's sworn testimony that she did not recall electronically acknowledging the arbitration agreement at issue created a fact question as to its validity. ___ S.W.3d ___, 2021 WL 1537465, at *7 (Tex. App.—Houston [1st Dist.] Apr. 20, 2021). After the court of appeals

issued its opinion, we decided *Aerotek, Inc. v. Boyd*, 624 S.W.3d 199 (Tex. 2021), a case involving substantially similar facts. CHG petitioned this Court for review, and the parties agree that under *Aerotek*, Johnson failed to raise a fact issue as to whether she consented to the arbitration agreement.

Accordingly, we grant CHG's petition for review, and, without hearing oral argument, we reverse the court of appeals' judgment. TEX. R. APP. P. 59.1. We remand the case to the court of appeals to consider Johnson's alternative, unaddressed argument that the trial court properly denied CHG's motion to compel arbitration because her claims do not fall within the scope of the arbitration agreement. *See* TEX. R. APP. P. 53.4; *State v. $90,235 in U.S. Currency*, 390 S.W.3d 289, 294 (Tex. 2013) ("[O]rdinarily a case will be remanded to the court of appeals for further proceedings when we reverse the judgment of the appeals court and the reversal necessitates consideration of issues raised in but not addressed by that court.").

**OPINION DELIVERED:** April 22, 2022