# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00212-CV

---

**Tommy Tipton, Appellant**

**v.**

**State of Oklahoma ex rel. Lottery Commission, Appellee**

---

### FROM THE 155TH DISTRICT COURT OF FAYETTE COUNTY
### NO. 2019V-247, THE HONORABLE DWIGHT E. PESCHEL, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

The trial court rendered summary judgment for the State of Oklahoma, ex rel. Lottery Commission (Oklahoma), ordering domestication of an Iowa order that requires Tommy Tipton to make restitution as part of a criminal judgment. Tommy Tipton contends that the trial court erred because a plea agreement is a contract, not a judgment, and because he did not breach the plea agreement. We will affirm.

## BACKGROUND

Tommy and his brother Eddie Tipton pleaded guilty to offenses relating to rigging lottery games in multiple states including Iowa and Oklahoma.[1] Oklahoma attached to its petition in Fayette County, Texas, the Iowa judgments against the brothers and a multi-state plea

---

[1] To distinguish the brothers, we will call them by their given names. In appellate cause number 03-21-00133-CV, Eddie has appealed an order similar to the one Tommy challenges in this appeal.

agreement detailing the charges they faced in various states and the agreed resolution of those charges. In the case eventually giving rise to this appeal, an Iowa state court accepted Tommy's plea of guilty. For conspiracy to commit theft in the fourth degree, the court sentenced him to incarceration for seventy-five days to be served in the Goliad County, Texas jail. The court ordered him to make restitution of $804,095 with interest, payment to be made to the clerk of the criminal court in Polk County, Iowa. The Texas incarceration, the total amount of restitution, and the place to make restitution payments are all consistent with the terms of the multi-state plea agreement. The Iowa court expressly stated that it considered the plea agreement among the most significant factors in determining the sentence assessed.

The multi-state plea agreement specified that of the $804,095 restitution award, Tommy owed $235,105 to Oklahoma. Tommy expressly consented in the multi-state agreement "to the execution of the judgment in this matter against any property in his name or held for him in the name of his associates or family members."

Oklahoma filed suit against the Tiptons in Fayette County, Texas, seeking to execute on the Iowa judgment against real property owned by the Tiptons and their family members. Oklahoma alleged that Tommy had paid $1,209.87 of the judgment of $804,095 plus interest and that Eddie had paid $1,648.98 of the judgment against him of $2,222,863.60 plus interest. Oklahoma moved for summary judgment against the brothers individually. Oklahoma alleged as undisputed facts that Tommy entered and executed a plea agreement and that the Iowa court entered judgment against him according to the plea agreement, including the restitution outlined in the plea agreement. In its motion, Oklahoma discussed that a plea agreement is like a contract and also asserted that Tommy had a judgment against him that was subject to domestication.

2

Tommy argued that a plea agreement is not a judgment but a contract, relying on a case cited by Oklahoma, *Ex parte Williams*, 637 S.W.2d 943, 947 (Tex. Crim. App. 1982). He asserts that the trial court erred by domesticating the non-judgment plea agreement. He argued further that Oklahoma had presented no evidence that he had breached his payment agreement made in the plea agreement.

The trial court found that there were no disputed material facts on the validity of the Iowa judgment against Tommy and that it should be domesticated in Texas. That court rendered judgment that the Iowa court's order of restitution was domesticated; that the amount owed was $801,215.32; that the order of restitution is subject to execution against any property held in his name or held for him in the name of his associates or family members; and that payments from execution on the judgment must be remitted to Polk County Clerk of Court, Des Moines, Iowa.

**APPLICABLE LAW**

We may reverse a trial-court judgment only if the trial court makes an error of law and the error probably caused the rendition of an improper judgment or if the error probably prevented the appellant from properly presenting the case to us. Tex. R. App. P. 44.1(a). We can reverse only for issues assigned as error in the briefs absent fundamental error. *See id*. R. 38.1(f) (errors must be presented in brief); *see also Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998). Fundamental error exists when the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 511-12 (Tex. 2018).

We review the granting of a motion for summary judgment de novo.[2] *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012). When the trial court does not specify the grounds for its ruling, summary judgment must be affirmed if any of the grounds on which the judgment was sought are meritorious. *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency*, 390 S.W.3d 289, 292 (Tex. 2013).

Texas litigants can seek domestication of other state court's judgments by using the Uniform Enforcement of Foreign Judgments Act (UEFJA) or by bringing a common-law action to enforce a judgment. Tex. Civ. Prac. & Rem. Code § 35.008. Oklahoma asserted in its motion for summary judgment that it sought to domesticate the judgments under the common law. When a plaintiff chooses a common-law action as the method of enforcement, the proceeding has the same character as any other civil proceeding; the judgment creditor initiates the action, the judgment debtor as defendant can assert his defenses, and an appealable judgment results. *Brown v. Lanier Worldwide, Inc.*, 124 S.W.3d 883, 902 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Once the party seeking enforcement of a foreign judgment has presented an authenticated judgment that appears to be a final and valid judgment, the burden then shifts to the party resisting the judgment to establish an exception to Full Faith and Credit Clause of the United States Constitution. *Id.*; *see* U.S. Const. art. IV, § 1. Recognized exceptions to Full Faith and Credit Clause requirements include that : (1) the judgment is interlocutory; (2) the judgment is subject to modification under the law of the rendering state; (3) the rendering state lacked

---

[2] The standards for reviewing a summary judgment are well established and undisputed on appeal. Tex. R. Civ. P. 166a; *see, e.g.*, *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *see also Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *see also* Tex. R. Civ. P. 166a(c), (i). Accordingly, we need not repeat them here.

jurisdiction; (4) the judgment was procured by extrinsic fraud; and (5) limitations had expired. *Brown*, 124 S.W.3d at 902; *see* U.S. Const. art. IV, § 1.

## ANALYSIS

Tommy reiterates his trial-court arguments on appeal. He contends that summary judgment was erroneous because (1) a plea agreement is a contract, not a judgment, and (2) he did not breach the plea agreement. He asserts that he is making de minimis restitution payments under a payment plan reportedly reached with the Polk County, Iowa Court Clerk. after this lawsuit was filed and that no further enforcement of the restitution order can be made while he complies with that agreement.

Although Oklahoma discussed the contractual nature of plea agreements in its motion, that does not control the decision of whether the Texas trial court erred in this case. The Texas court expressly ordered domestication of the Iowa restitution order that is contained with the Iowa judgment. The judgment contains a restitution provision, and the Texas trial court ordered that the restitution order is enforceable in Texas. The Iowa judgment listed the plea agreement as one of the factors considered in assessing sentence, and the Texas trial court domesticated the judgment—not the plea agreement on its own. But, even if we assume that the plea agreement is a contract, that fact does not show error in the Texas trial court's domestication of the Iowa court's restitution order. We overrule issue one.

Further, the record does not demonstrate that compliance or noncompliance with the plea agreement is a factor in determining whether the Texas trial court erred in domesticating the judgment. The judgment and its restitution clause—which is in the domesticated court document—do not state that partial payment of the restitution amount bars domestication of the

5

judgment or execution on it in other states. Likewise, the plea agreement does not state that partial payment of the restitution amount bars domestication of the judgment or execution on it in other states; to the contrary, the plea agreement states, "Defendant consents to the execution of the judgment in this matter against any property in his name or held for him in the name of his associates or family members." The plea agreement contains a clause that says it is the parties' entire agreement. The parties mention a payment plan in the briefs, but do not cite to it in the record as required; while we are not obligated to search for it, we do not find it in the record. *See* Tex. R. App. P. 38.1(i). Even with our power to consider uncontradicted assertions of fact as true, *see id.* R. 38.1(g), there is no showing in the record that compliance with any payment plan bars domestication of the judgment in other states. Consistent with the parties' assertions that Tommy made some payments—including some after the petition in this case was filed—the amount of the judgment domesticated ($801,215.32) is less than the original judgment amount ($804,095). Even assuming Tommy has complied with the payment plan, he has not demonstrated on the record before us that the trial court erred by granting summary judgment ordering domestication of the restitution order in the Iowa judgment. We overrule issue two.

## CONCLUSION

Because Tommy Tipton has not raised issues that demonstrate error on the record before us, we affirm the judgment.

_____

Darlene Byrne, Chief Justice

6

Before Chief Justice Byrne, Justices Triana and Kelly

Affirmed

Filed:   August 30, 2022