**AFFIRM; and Opinion Filed July 1, 2016.**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00066-CV

### VOLNEY BRAND, Appellant
### V.
### CHASE BANK USA, N.A., Appellee

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-14-02091-C**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Schenck
Opinion by Justice Lang-Miers

This is an appeal from summary judgment. Volney Brand sued Chase Bank USA, N.A.[1] in justice court alleging several claims, some of which arose out of charges to Brand's credit card account that he claimed he did not authorize. After a bench trial, the justice court found in favor of Chase and awarded Chase $5,000 in attorney's fees. Brand appealed to the county court. In the county court, both parties moved for summary judgment. The county court denied Brand's motion and granted Chase's motion. Brand appeals, arguing that the county court erred by denying his motion for summary judgment on his claims. Because all dispositive issues are

---

[1] Brand sued "JPMorgan Chase & Co. and JPMorgan Chase NA." The justice court's judgments changed the defendant's name and styled the case "to reflect the proper entity CHASE BANK USA, N.A." Brand continued to use the incorrect entity names on appeal to the county court, however, and the county court's judgment states that those entities were "more properly identified as Chase Bank USA, N.A." We use the proper entity name as reflected in the courts' judgments.

settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the court's judgment.

## BACKGROUND

Brand applied for and received a Chase credit card in 2006. In 2007, Chase began charging Brand for identity theft protection services. In April 2013, Brand contacted Chase about the charges, which he claimed he did not authorize, and which he said caused him to be unable to pay the minimum charge resulting in penalties, interest, and late fees. While Brand was still discussing the charges with Chase in September 2013, he heard a report that Chase had "unfairly billed customers for services relating to identity theft protection products" and "was ordered to refund $309 million to more than 2.1 million customers." Brand "suspected he was affected by Chase's fraudulent behavior" and asked Chase for an accounting. Brand said a Chase representative "apologized and admitted [Brand] had suffered nearly $800.00 in damages related to bogus fraud protection charges <u>excluding</u> interest dating back to 2007." Brand said he learned "through management" that the "penalty interest amounted to approximately $4,000.00."

Brand sued Chase in justice court alleging claims for breach of contract, breach of the duty of good faith and fair dealing, conversion, violation of the Texas Deceptive Trade Practices Act, fraud, and negligent misrepresentation. He alleged that Chase told him in 2006, before he applied for the credit card, that his APR would be capped at 16%, and he would have a significantly higher credit limit and no fees "commonly found associated with other competitors." He alleged that Chase failed to honor those terms and charged him "with hidden fees that included penalty APR approaching 30% dating back to 2006" in violation of their agreement. He also alleged that Chase "boosted minimum monthly payments" from 2% to 5% of account balances "in order to cause more late payments and trigger more fees . . . ." He alleged that around this same time Chase lowered his credit limit "despite his stellar credit

–2–

rating," and enrolled him in the identity fraud protection products in order "to generate bogus hidden fees[.]" He alleged that "Chase management admitted to [him] that they did not have the authorization to remedy their own wrongdoing" and that he, as a result, "sought damages for ID protection services never received and/or requested, illegal excess penalty 'interest,' improperly lowering his credit limit, and arbitrarily raising the minimum payment limit percentage to induce late fees in breach of Chase's Original Agreement with [him]." Brand sought damages in the amount of $10,000 plus attorney's fees. The parties waived a jury and tried the case to the justice court. The justice court rendered a take-nothing judgment against Brand and awarded Chase $5,000 in attorney's fees. Brand appealed the justice court's judgment to the county court.

On appeal to the county court, Chase moved for traditional summary judgment on each of Brand's claims. Chase claimed, among other things, that Brand was in breach of the credit card agreement because he defaulted on his obligations "no less than 27 occasions" and could not sue for breach; there was no special relationship between Chase and Brand and, as a result, Chase did not owe Brand a common law duty of good faith and fair dealing; Brand is not a consumer and "the lending of money" is not a good or a service for purposes of his DTPA claim; and Brand's claims for negligent misrepresentation, conversion, and fraud are barred by the economic loss doctrine.

Brand also moved for summary judgment. He claimed he was entitled to summary judgment on his DTPA claim because Chase "wholly failed to meet [its] burden in their motion for summary judgment to establish that Plaintiff failed to establish his status as a consumer pursuant to the DTPA." He argued that he had "clearly offer[ed] competent summary judgment evidence" to support his claim and that Chase "failed to dispute" certain of his arguments and evidence. Brand made similar arguments with respect to his other claims. Although Brand

relied on portions of Chase's summary judgment evidence to support his own motion for summary judgment, Brand's sole evidence attached to his motion was his affidavit.

The county court held a hearing on the respective motions for summary judgment during which it determined that Brand had not suffered damages. The county court granted Chase's motion for summary judgment on all of Brand's claims and denied Brand's motion on all of his claims without stating a basis for the rulings. Brand appealed to this Court.

### STANDARD OF REVIEW

The standards for reviewing summary judgment under rule 166a(c) are well established. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). We review a trial court's summary judgment de novo. *State v. Ninety Thousand Two Hundred Thirty-Five Dollars and No Cents in U.S. Currency*, 390 S.W.3d 289, 292 (Tex. 2013). When the trial court does not state the ground upon which summary judgment is based, we will affirm if any ground is meritorious. *Id*.

When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). To prevail on summary judgment, a plaintiff must conclusively establish each essential element of each of his claims. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). He must "show that there are no genuine issues of material fact" and he is "entitled to judgment as a matter of law." *Id*.; *see also* TEX. R. CIV. P. 166a(c). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

Once a party establishes its right to summary judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671,

678 (Tex. 1979). The nonmovant does not have a burden to respond or present evidence until the movant has satisfied its burden to conclusively establish the claim. *State*, 390 S.W.3d at 292.

## DISCUSSION

Brand states his issues on appeal as follows:

(1) Was summary judgment at [sic] to each of Brand's claims for Appellees correct?

(2) Was the denial of each of Brand's affirmative summary judgment motions correct?

In his brief on appeal, Brand argues that the trial court erred by denying his motion for summary judgment on all of his claims, except the claim for breach of the duty of good faith and fair dealing, because he showed he was entitled to summary judgment. Brand concedes that he was not entitled to summary judgment on the claim for breach of the duty of good faith and fair dealing, but he also argues that Chase was not entitled to summary judgment on that claim. Although Brand's issue one generally challenges whether Chase's motion should have been granted, he does not address the specific grounds raised in Chase's motion (except with respect to the claim for breach of the duty of good faith and fair dealing) or otherwise contend that the granting of summary judgment in favor of Chase on his other claims was improper. We address Brand's arguments in the way that he addressed them in his briefing to this Court.

### A. Brand's motion for summary judgment on his DTPA claim

Brand argues that he was entitled to summary judgment on his DTPA claim "because Chase failed to present any dispute involving a genuine issue of material fact." He argues that Chase's failure to disclose that a "'new vendor' was responsible for ID protection" was a deceptive, misleading practice in violation of the DTPA and Chase "failed to dispute that it did not reimburse [him] for all the amounts associated with the Chase ID fraud protection products[.]" He contends that he is entitled to summary judgment on his DTPA claim because

–5–

Chase failed "to meet [its] burden in their motion for summary judgment to establish that [he] failed to establish his status as a consumer pursuant to the DTPA."

Generally, to prevail on a DTPA claim, a plaintiff must establish that he is a consumer; that the defendant engaged in false, misleading, deceptive, or unconscionable acts upon which the plaintiff relied to his detriment; and that those acts were a producing cause of the plaintiff's damages. *See* TEX. BUS. & COM. CODE ANN. § 17.50(a)(1) (West 2011). To prevail on summary judgment, Brand was required to conclusively establish each of these essential elements. *MMP, Ltd.*, 710 S.W.2d at 60.

In his briefing to this Court, Brand does not identify the elements he was required to establish or show how he conclusively established each of those elements. Instead, Brand focuses his argument on his contention that he is a consumer for purposes of the DTPA claim relating to the identity fraud protection charges. Even accepting his argument as correct, Brand was also required to conclusively establish the remaining essential elements of his claim to be entitled to summary judgment. Brand stated in his affidavit attached to his motion that he "estimated economic damages for this conduct exceed[ed] $4,559.72 for these fraudulent products including interest, fees, and costs of the same." He also "allege[d] additional compensatory damages including attorney's fees and costs, lost profits associated with investing 100 hours of time due to these disputes, and additional damages allowed under the DTPA." But Brand did not attach any supporting evidence conclusively establishing that he was damaged in the amount of $4,559.72 or any other amount. *See State*, 390 S.W.3d at 293 (citing civil procedure rule 166a(c) for requirements for basing summary judgment on uncontroverted testimonial evidence of interested witness).

Additionally, Brand alleged violations of the DTPA against Chase for raising his APR, lowering his credit limit, and increasing the minimum payment obligation. But he does not

–6–

address how he conclusively established he was a consumer for DTPA purposes with respect to those allegations. *See Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174–75 (Tex. 1980) (extension of credit or attempt to acquire money or the use of money is not a good or service for purposes of DTPA).

Chase's summary judgment evidence, on the other hand, showed that the charges for the identity fraud protection services were noted each month on Brand's monthly statements since 2007 and Brand never disputed those charges until 2013, and then not in writing as required by the agreement; that the cardmember agreement authorized Chase to change the APR and other terms of the agreement upon notice to Brand; that Chase provided the requisite notice to Brand; and that Chase reimbursed Brand for 13 months of charges for the identity fraud protection services.

We conclude that Brand did not conclusively establish each essential element of his DTPA claim, and, consequently, the trial court did not err by denying his motion for summary judgment on his DTPA claim.

**B. Brand's motion for summary judgment on his breach of contract claims**

Brand contends on appeal that he was "clearly entitled to summary judgment on his breach of contract claims." He alleged below that he had four contracts with Chase: (1) a verbal contract in January 2006 before he applied for a credit card stating he would receive a Chase credit card with a capped 16% interest APR, a set due date, and a set spending limit; (2) a verbal contract in May 2007 in which "a Chase representative verbally misrepresented that [he] gave Chase authority to bill him for Chase monitored ID fraud protection products"; (3) a verbal contract in which Chase offered "courtesy credits" "in order to maintain [his] relationship"; and (4) a written cardmember agreement issued in January 2006 and an amendment issued in 2010.

Brand contends that Chase breached those agreements by (1) sending him a credit card "that potentially" allowed Chase to unilaterally modify the spending limit and APR; (2) "Chase never monitored these [identity fraud protection] products and the services were never rendered consistent with the representations made by [Chase]"; (3) the "courtesy credits" were for the identity fraud protection fees only and did not include reimbursements for the "penalty APR interest"; and (4) Chase raised the "penalty APR," did not provide him notice required under the agreement, and "failed to fulfill its obligations to display the finance charges and penalty fees during the application process prior to the implementation of the CARD Act."

To prevail on a breach of contract claim, Brand was required to conclusively establish that a valid contract existed, he performed under the contract, Chase breached the contract, and Brand was damaged as a result of Chase's breach. *See, e.g.*, *Barnett v. Coppell N. Tex. Court, Ltd.*, 123 S.W.3d 804, 815 (Tex. App.—Dallas 2003, pet. denied).

In his briefing to this Court, Brand cites the elements of a breach of contract claim, but he does not address how he conclusively established each of those elements so as to entitle him to summary judgment. [2] For example, he contends that the "undisputed evidence reveals that Chase never monitored these [identity fraud protection] products and the services were never rendered consistent with the representations made by [Chase]." But the evidence Brand cites to support this contention is his own motion for summary judgment and affidavit. He appears to contend that Chase breached the contract by hiring a third-party vendor to provide the identity theft protection services instead of providing those services in-house. But he does not cite the provision in the contract that required Chase to provide those services in-house as opposed to hiring someone to provide those services on Chase's behalf. Consequently, Brand did not

---

[2] In his reply brief, Brand states that he "waives his arguments to the breach of the first and third verbal contract."

conclusively establish that Chase breached the contract with respect to the identity fraud protection charges.

With respect to Brand's allegations that Chase breached the contract by raising the APR, lowering his credit limit, and increasing the minimum payment obligations, Brand did not cite any provision in the contract that prevented Chase from making those changes. His only evidence of the existence of such a contract was his affidavit stating a Chase representative made those representations to him verbally. In the affidavit, however, he also stated "that Chase ended up providing a card that allowed for modification of the credit card limit, variable and penalty APR rates, rolling payment deadlines . . . ." To the extent this argument relates to his allegation of breach of the first verbal contract, Brand waived that argument in his reply brief.[3]

Having reviewed the record and Brand's arguments on appeal, we cannot conclude that he conclusively established the essential elements of his claim for breach of contract. Consequently, the trial court did not err by denying his motion for summary judgment on this claim.

### C. Summary judgment on the breach of the duty of good faith and fair dealing claim

Brand does not contend that he was entitled to summary judgment on his claim for breach of the duty of good faith and fair dealing, but he contends that "summary judgment was improper as to this claim." We construe this argument to contend that the trial court erred by granting Chase's motion for summary judgment on this claim because Brand raised a genuine issue of material fact.

Chase moved for summary judgment on this claim arguing that it did not owe Brand a duty of good faith and fair dealing because they did not have a special relationship giving rise to the duty. Chase cited authority stating that a separate tort for breach of the duty of good faith

---

[3] *See id.*

and fair dealing does not exist in the creditor–borrower context. *See Cockrell v. Republic Mortg. Ins. Co.*, 817 S.W.2d 106, 116 (Tex. App.—Dallas 1995, no writ) (no duty in the lender–borrower relationship).

In response to Chase's motion, Brand asserted that "the language upon which Chase relies to defend its excess interest and fees charges is buried in several pages of densely worded minutia." Brand claimed that "Chase had an existing program at the time it issued its [cardmember agreement] to [him], and knew it was likely to raise the APRS on [his] account . . . . Therefore, a reasonable jury could certainly conclude that Chase's conduct was a classic 'bait and switch.'" Brand also

> acknowledges Texas law would not be so kind to allow reimbursement as to the issues strictly limited to a lender and borrower relationship. . . . . But with respect to the buyer-seller relationship involving fraud Id [sic] services, Chase did have a duty to represent in good faith the legitimacy of its products. . . .

We construe this to argue that Brand and Chase had a buyer–seller relationship that gave rise to an independent duty owed by Chase to Brand to act in good faith with regard to the credit card agreement.

The Supreme Court of Texas has not recognized an implied covenant of good faith and fair dealing, giving rise to a separate duty in tort, in every contract. *Arnold v. Nat'l Cty Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). While a duty may arise "as a result of a special relationship between the parties governed or created by a contract," such as insurer–insured, principal–agent, joint venturers, and partners, Brand does not cite authority for his contention that the buyer–seller relationship gives rise to an independent duty to act in good faith. *See id.*; *see also Cole v. Hall*, 864 S.W.2d 563, 568 (Tex. App.—Dallas 1993, writ dism'd w.o.j.); *Central Savs. & Loan Ass'n v. Stemmons Nw. Bank, N.A.*, 848 S.W.2d 232, 239 (Tex. App.—Dallas 1992, no writ). And he does not address how he raised a genuine issue of material fact

–10–

about his status as a buyer, as opposed to a borrower, with regard to these allegations about APR, credit limit, and minimum payment obligations.

Brand argues that the trial court granted summary judgment in favor of Chase on this claim "on the sole basis that no special relationship existed between the parties[.]" But the court's judgment does not state the basis for granting summary judgment in favor of Chase on this claim. As a result, Brand's burden on appeal was to show that his summary judgment evidence raised a genuine issue of material fact on each essential element of this claim. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678. Because he does not address each essential element on appeal, we have no basis to conclude that the trial court erred by granting summary judgment in favor of Chase on this claim.

## D. Brand's motion for summary judgment on his fraud and negligent misrepresentation claims[4]

Brand argues that Chase knowingly billed him for services without his authorization "with the intent to deceive for pecuniary gain . . . ." He argues that Chase billed him "for at least two months for services never requested and later charged [him] for several years due to the intentional misrepresentations made by [Chase] as to the legitimacy and/or origin of said product/services." He contends that the evidence was undisputed with regard to Chase's false representations and intention that he rely on those false statements. Brand cites his own affidavit and pleadings to support his contentions and argues that "the issue of liability is again clear – Chase not only violated the DTPA, but they fraudulently deceived [him]." He contends that he had actual damages in the amount of $10,000.

To prevail on summary judgment for his common law fraud claim, Brand was required to conclusively establish that Chase made a material representation, the representation was false,

---

[4] Brand does not challenge the trial court's summary judgment in favor of Chase on his conversion claim and, consequently, that claim is not before us.

Chase knew the representation was false when Chase made it or Chase made it recklessly without any knowledge of the truth, Chase intended Brand to rely and act upon the representation, Brand acted on the representation, and Brand suffered injury as a result. *See Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 963 (Tex. App.—Dallas 2013, no pet.).

To prevail on summary judgment for negligent misrepresentation, Brand was required to conclusively establish that Chase made a false representation in the course of its business, Chase did not exercise reasonable care or competence in communicating the information, and Brand suffered pecuniary loss by justifiably relying on the representation. *See id.* at 965.

In his briefing to this Court, Brand does not identify the elements of his claims for fraud and negligent misrepresentation that he was required to prove as a matter of law. He refers to "undisputed evidence," and cites his affidavit, but he does not cite summary judgment evidence conclusively establishing the essential elements of these claims. *See MMP, Ltd.*, 710 S.W.2d at 60. Because Brand did not satisfy his burden to prove these claims as a matter of law, we cannot conclude that the trial court erred by denying Brand's motion for summary judgment on his claims for fraud and negligent misrepresentation.

### E. Brand's motion for summary judgment for attorney's fees and costs

Brand also argues that he was entitled to summary judgment for attorney's fees and costs for his DTPA claim and that "[t]he record is silent as to why the trial court decided against awarding attorney's fees." However, when a party does not prevail on his DTPA claim, he is not entitled to attorney's fees and costs. *See* TEX. BUS. & COM. CODE ANN. § 17.50(d) ("Each consumer who prevails shall be awarded court costs and reasonable and necessary attorneys' fees."); *see also Gulf States Utils. Co. v. Low*, 79 S.W.3d 561, 567 (Tex. 2002) ("Without an actual-damages recovery, a party is not entitled to an attorney's fees recovery."). Because Brand

did not prevail on his DTPA claim, the trial court did not err by denying Brand's request for attorney's fees and costs.

## CONCLUSION

We resolve Brand's issues against him and affirm the trial court's judgment.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE


150066F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

VOLNEY BRAND, Appellant

No. 05-15-00066-CV      V.

CHASE BANK USA, N.A., Appellee

On Appeal from the County Court at Law No. 3, Dallas County, Texas
Trial Court Cause No. CC-14-02091-C.
Opinion delivered by Justice Lang-Miers.
Justices Bridges and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Chase Bank USA, N.A. recover its costs of this appeal from appellant Volney Brand.

Judgment entered this 1st day of July, 2016.